SECURITY–PEOPLES TRUST COMPA-NY, a corporation, Plaintiff,

v.

John GILMARTIN and Harold D. Caldwell, Individually and as Trustees and/or co-partners, Defendants,

and

Ray Rumball, Garnishee.

Civ. A. No. 55–65 Erie.

United States District Court
W. D. Pennsylvania.

July 29, 1965.

**32**

MacDonald, Illig, Jones & Britton, Esqs., Erie, Pa., for plaintiff.

Stephen E. Jones, Erie, Pa., for Erie Port Commission.

Wendell R. Good, Erie, Pa., for Sheriff of Erie County, Pa.

Lord, Bissell & Brook, Chicago, Ill., Marsh, Spaeder, Baur, Spaeder & Schaaf, Erie, Pa., for defendant Caldwell.

OPINION

WEBER, District Judge.

In this action plaintiff claims breach of contract of sale whereby plaintiff was to convey a vessel known as the S.S. North American in exchange for certain lands in Tennessee. Plaintiff alleges a defect of title in the lands conveyed. Defendants are non-residents of Pennsylvania and the action was commenced by the filing in the State Court of a Writ of Foreign Attachment under the Pa.R. Civ.P. 1251 et seq. (12 P.S. Appendix Rule 1251). This writ was served by the Sheriff of Erie County on May 20, 1965, by posting the vessel which was moored at the Public Dock in the City of Erie, Erie County, Pennsylvania, and by service upon the custodian of the vessel as garnishee. Thereafter, upon the petition of one of the defendants, Caldwell, the action was removed to Federal Court as a diversity action.

The Port Commission of the City of Erie, having jurisdiction over the Public Dock asserts that the vessel is trespassing and has demanded that the Sheriff remove it.

There are presently two matters before the court for disposition. The Port Commission of the City of Erie has filed a Petition to Intervene to secure an order from this court to the Sheriff of Erie County to remove the vessel from its mooring at the Public Dock, and the Sheriff of Erie County has filed a Petition for Dissolution of the Writ of Foreign Attachment unless the plaintiff in the action provides for the costs of such removal.

The Port Commission of Erie asserts that the vessel is trespassing and demands its removal. It originally sought to charge the costs of such removal against the Sheriff who in turn asserts that the plaintiff is liable for such costs. It now seeks to intervene solely for the purpose of securing an order requiring the Sheriff of Erie County to remove the vessel and securing the costs of any monies expended by it as a prior lien on the vessel. The Sheriff seeks these

costs by order of this court, or the Dissolution of the Writ of Foreign Attachment.

These petitions are apparently founded on the assumption that the Sheriff has made a manual seizure of the vessel by his service of the Writ of Foreign Attachment and is presently in possession, custody and control of the vessel.

It is necessary in this context to examine the Pa.R.Civ.P. on Foreign Attachment (Rules 1251 et seq.) to determine what duties and liabilities have been placed upon the parties by the attachment.

At a hearing held on this matter the following facts were developed. The plaintiff filed a praecipe for a writ of foreign attachment with directions to the Sheriff to serve the writ and three copies on the garnishee and to post the writ on each door of the vessel used for access.

The Sheriff so served the writ on May 20, 1965, and made his return. At the time of service the Sheriff explained the nature of the writ to the garnishee and said something to the effect that no one should be permitted on the vessel without the Sheriff's consent. No further action was taken by the Sheriff at that time or subsequently.

The Pennsylvania Rules provide that the attachment occurs at the time of service on the garnishee (Rule 1258(a)). The Rules further state that the Sheriff may take manual possession of the property but must do so if so directed by the plaintiff or if no one is found in actual possession. (Rules 1258(b), 1261).

The Rules further clearly state that no bond or security may be required of the plaintiff unless a manual seizure is made (Rule 1262), and that the plaintiff shall not be liable for the costs of the seizure or maintenance and protection of the goods unless the Sheriff is "compelled to seize or take into his custody and possession" such goods. Act of 1913, May 20, P.L. 245 § 1. (12 P.S. § 2315). In the event that the Sheriff makes a man-

ual seizure he must retain the goods (a) unless otherwise directed by the plaintiff; or (b) the attachment is dissolved or the property released; or (c) unless the plaintiff refuses to post bond or security required by the Sheriff. (Rule 1261). The issue, therefore, turns on whether the Sheriff in fact made a manual seizure or took custody and possession of the vessel.

In the opinion of the court the above facts do not constitute a taking of manual possession by the Sheriff. The mere posting of the writ serves no further function than to inform the owner and the public of the attachment. The Sheriff did not make the garnishee his deputy or in any way authorize him to act in the Sheriff's behalf and left the garnishee in possession of the property. Rule 1261 provides that if property is not retained in the possession of the Sheriff it shall be returned to the person from whom it was taken. From the evidence offered at the hearing, this is what the Sheriff did here. Therefore, possession remains in the garnishee.

One further reason appears why the Sheriff is not presently responsible for possession. Following the Port Commission's demand on the Sheriff to remove the vessel the Sheriff wrote to counsel for the plaintiff on July 7, 1965, demanding the costs of the removal. In response plaintiff refused to be responsible for such costs, and plaintiff's position is that no manual seizure was ordered by it or made by the Sheriff.

Thus, under Rule 1261(4), even if a manual seizure had been made the Sheriff had the right to relinquish possession upon plaintiff's refusal to give bond or security for these costs.

The remedy of dissolution of the Writ of Attachment here sought by the Sheriff is clearly inappropriate and no provision is made for dissolution on such basis.

Therefore, we find no basis for granting the Petition for Dissolution. Inas-

much as there is no present possession of the vessel in the Sheriff the Petition of the Port Commission seeking an order directing removal of the vessel by the Sheriff must likewise be denied.